1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  BARBARA BRENNAN SILANO (MASSBAR 055540)
   KIRSTIN M. AULT (CABN 206052)
5  Assistant United States Attorneys

6     450 Golden Gate Ave., Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-7223
      Facsimile: (415) 436-7234
8     E-mail: barbara.silano@usdoj.gov
              kirstin.ault@usdoj.gov
9

10 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.   CR 07-00645 MMC |
|---|---|---|
| Plaintiff, | ) | UNITED STATES' NOTICE OF AUTHORITY REGARDING MAXIMUM TERM OF SUPERVISED RELEASE UNDER 21 U.S.C. § 841 |
| v. | ) | |
| RONALD WILLIAMS, et al. | ) | |
| Defendants. | ) | |

During the recent change of plea colloquies of defendants Caesar Ramirez-Chavira and Erika Manzo, a question arose regarding the maximum term of supervised release that can be imposed when a defendant is convicted of a drug trafficking offense under 21 U.S.C. § 841(a)(1). Because the United States anticipates that this issue will be presented in the future as additional guilty pleas are entered by the defendants in this case, the United States brings to the Court's attention the following authority in support of its position that the maximum term of supervised release for a defendant convicted under 21 U.S.C. § 841(a)(1) and (b)(1)(C), (b)(1)(B), or (b)(1)(A) is life.

///

In *United States v. Ross*, the Ninth Circuit held that the length of the term of supervised release imposed by the district court was not unlawful because "Ross's five-year term falls well below 21 U.S.C. § 841(b)(1)(C)'s statutorily prescribed maximum (life)." 338 F.3d 1054, 1057 (9th Cir. 2003).

In *United States v. Garcia*, the Ninth Circuit adopted "as the law of this Circuit," the Second Circuit's holding in *United States v. Eng*, 14 F.3d 165 (2d Cir. 1994), that the statutory provisions for supervised released set forth in 21 U.S.C. § 841 "override the maximums set by 18 U.S.C § 3853(b)." 112 F.3d 395, 398 (9th Cir. 1997).

In *United States v. Eng*, the Second Circuit upheld the district court's imposition of a life term of supervised release for a defendant convicted of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). 14 F.3d 165, 713 (2d Cir. 1994).

In *United States v. Shorty*, the Seventh Circuit held that the maximum term of supervised release under 21 U.S.C. § 841(b)(1)(C) is life, and noted that "[a] majority of circuits have held that the 'at least 3 years' language establishes a minimum, not a maximum amount of time, even when read in light of 18 U.S.C. § 3583(b), which, for Class C and D felonies authorizes a maximum of three years for supervised release, because the latter provision is modified by the phrase 'except as otherwise provided.'" 159 F.3d 312, 315 & n.6 (7th Cir. 1998) (citing its agreement with cases from the Second, Sixth, Eighth, Ninth, and Tenth Circuits, but noting disagreement by the Fourth and Fifth Circuits).

DATED: July 25, 2008                    Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                            /s

                                            _____
                                            KIRSTIN M. AULT
                                            Assistant United States Attorney