NICHOLAS F. REYES, #102114
ATTORNEY AT LAW
1107 R STREET
FRESNO, CA 93721
TELEPHONE: 559-486-4500
FACSIMILE: 559-486-4533

Attorney for Defendant
**JOSE Á. CAMACHO-MENDEZ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE A. CAMACHO-MENDEZ, )<br>)<br>Defendant. )<br>_____ ) | **CASE NO.  3:07-CR-00645-MMC**<br>**NOTICE OF MOTION AND**<br>**MOTION FOR DISCOVERY**;<br>**MEMORANDUM OF**<br>**POINTS AND AUTHORITIES**<br>**IN SUPPORT THEREOF**<br><br>**Date:        October 22, 2008**<br>**Time:       10:00 a.m.**<br>**Dept:       4**<br>**Honorable Maxine M. Chesney** |

**TO:    JOSEPH P. RUSSONIELLO, UNITED STATES ATTORNEY AND**

**TO BARBARA BRENNAN SILANO AND KIRSTIN M. AULT, ASSISTANT U.S.**

**ATTORNEYS:**

PLEASE TAKE NOTICE that on October 22, 208, in the Court of the Honorable

Maxine M. Chesney, Judge of the United States District court for the Northern District of

California,   defendant JOSE A. CAMACHO-MENDEZ, by and through his attorney,

Nicholas F. Reyes, will move this court for an order permitting discovery and inspection as

requested in the accompanying motion, restricted to the items and information not voluntarily

given previously, if such items or information exists.

Defendant, NICHOLAS F. REYES, by and through his attorney, Nicholas F. Reyes,

moves this court for an order pursuant to Rule 16, Federal Rules of Criminal Procedure, and

such other statutory and constitutional rules relating to discovery, directing the plaintiff to permit discovery, inspection and copying of the following:

1.    All statements, confessions, admissions, remarks and utterances which may have been incorporated in any report, statement, memorandum or other document or recording prepared by any person or federal, state or local government agents, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.   In addition, the names of those officers present at the time the above statements were made.

2.    A copy of defendant's prior criminal record if any, and whether federal, state or local.

3.    An inventory of physical and documentary evidence obtained by plaintiff whether by seizure, process or other means intended to be offered as evidence at the trial of this case, including its place and date of seizure, its present location, the name of the present custodian and an opportunity to inspect and make copies thereof.  This request includes, but is not limited to, documents and tangible objects obtained from or belonging to the defendant.

4.    All physical and documentary evidence obtained by the plaintiff whether by seizure, process or other means arguably relevant to the case which the plaintiff does not intend to use as evidence at the trial of this case.

5.    Any results or reports of physical or mental examinations, any results or reports of scientific tests or experiments which are material to this case, including, but not limited to, reports and tests relating to chemical analysis, metallurgy, fingerprints, voice prints, and handwriting which are request includes copies of any physical or mental examinations of government witnesses which may have relevance to the competence or credibility of a government witness.

6.    If any expert will be called by plaintiff, his name, address, qualifications, subject of testimony, together with a copy of the report thereof.

7.    Provide a specific description of the circumstances of any search, and of the

1    manner of search, including:

2                    a.)    Officers or third persons present;

3                    b.)    Items which are seized and the exact location of their seizure;

4                    c.)    The exact time of the search and the exact time of the seizure of each

5    items;

6                    d.)    The manner of entry into the place where any items were seized;

7                    e.)    Copies of all search warrants and supporting affidavits.

8            8.    For any and each co-conspirator and/or co-participant named or not named in

9    this indictment but known to the government, his name, address, and statement, if any was

10    taken, and if no written statements were obtained, the investigative officers interview report

11    relating to any co-participant's statement, activity, and testimony.  In addition, the name of

12    the investigating officer or officers present at the time these statements were taken.

13            9.    The names and addresses of all witnesses whom the plaintiff intends to call in

14    this case.

15            10.    The names and addresses of all witnesses to the transactions described in the

16    indictment whom the plaintiff does not intend to call in this case.

17            11.    Copies of all statements made by witnesses in this case, whether or not the

18    plaintiff intends to call the witness, which are in possession, custody or control of the

19    plaintiff no later than fifteen working days before trial.

20            12.    State whether any intended government witness has any arrest or conviction

21    record whatsoever, whether federal, state or local and the nature of the offense.

22            13.    The names of all persons who gave testimony before the Grand Jury which

23    returned the indictment herein.

24            14.    The minutes and transcripts of all Grand Jury proceedings which returned the

25    indictment herein.

26            15.    All information in whatever form, source, or nature, which tends to exculpate

27    the defendant either through an indication of his innocence or through the potential

28

1   impeachment of any government witnesses and all information of a similar nature which may

2   be or become of benefit to the defendant in preparing for or presenting the merits of her

3   defense of innocence at trial.  Since plaintiff and defendant may differ in their opinions as

4   to what constitutes exculpatory evidence, defendant requests that the Court examine <u>in</u>

5   <u>camera</u>, plaintiff's files for evidence exculpatory to defendant.

6       16.    The names and addresses of any government witness, whether intended to be

7   called at trial or not, purporting to be reliable, confidential informant, and any statement

8   given by such person to law enforcement officers.

9       17.    All evidence of any promises made and/or valuable consideration paid to any

10  undercover agents or any persons acting in the employ of the government or acting on its

11  behalf in connection with the case in exchange for his testimony and/or involvement with this

12  case.

13      18.    The dates, times and places of any previous undercover operations involving

14  defendant herein authorized by federal, state, or local authorities or know by federal, states,

15  or local authorities, involving confidential informants or government witnesses on previous

16  cases.

17      19.    Reports, files, notes, photographs, tape recordings, and evidence gathered or

18  provided by confidential informants or government witnesses or previous cases.

19      20.    Describe in detail any prior used similar acts of defendant the government

20  intends to introduce at trial, and disclose all information requested in this motion as it may

21  relate to said prior similar acts.

22      21.    Provide defense counsel with a statement describing in detail the methods and

23  procedures used to identify the defendants and/or co participants as the perpetrators of the

24  offense alleged in the indictment, including the following:

25          a.)    The names and addresses of all persons to whom photographs were

26  exhibited, or audio tapes played for the purpose of identification, and when and where these

27  displays or play backs took place.

28

1            b.)     Copies of all photocopies exhibited, or audio tapes played for the

2    purpose of identification in connection with this case.

3            c.)     The names and addresses of those persons who identified the defendant

4    and/or any known co-participant from these photographs or audio tapes as a perpetrator of

5    this offense, and those who were unable to identify said persons.

6         22.    Provide copies of all Jencks Act statements to counsel for defendant not later

7    than twenty (20) days before trial.

8         23.    Provide defense counsel with copies of the personnel files of all law

9    enforcement officers who the government intends to call as witnesses in this case.

10        24.    Provide the criminal records of all government witnesses.

11        25.    The identity and location of all informants who witnessed or participated in the

12   alleged incident which is the basis of this action.

13        26.    Provide defense counsel with the informant's prior record, promised

14   immunities, promises of consideration and any other evidence affecting the issues of bias or

15   credibility.  This request also includes any psychiatric treatment, narcotic habit, or criminal

16   record.

17        27.    A copy of all Grand Jury proceedings.

18        Defendant requests the Court, pursuant to Rule 16 (c), to direct the United States

19   Attorney to promptly supply to counsel for defendant any material ordered produced

20   pursuant to this motion which comes into eh possession, knowledge or control of the United

21   States Attorney subsequent to the entry of the orders requested or during the course of the

22   trial, and further to promptly advise counsel for defendant of the existence of any such

23   materials should such knowledge be brought to the attention of the United States Attorney.

24        Defendant further requests that the Court order plaintiff to comply with the discovery

25   order no later than ten (10) working days after the hearing date.

26        This motion is based upon te files and records of the case, the attached memorandum

27   of points and authorities, and such matters which may be raised at the time set for hearing

28   herein.

**MEMORANDUM OF POINTS AND AUTHORITIES IN**

**SUPPORT OF MOTION FOR DISCOVERY**

1.    <u>Defendant's Own Statements and Admissions</u>.

Rule 16(1) (1)(A), Federal Rules of Criminal Procedure and cites Moore's Federal Practice Section 16.5 (1) and cases therein.  The Ninth Circuit has held that notes of law enforcement officials regarding a defendant's statement are themselves discoverable if the statement is discoverable.  <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976).  See also <u>United States v. Salsedo</u>, 477 F.Supp. 1235, 1238-39 (ED Cal. 1979).  A FBI agent's written summary of statements made to him by the defendant is a discoverable "statement" under this rule.  <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975), cert. Denied., 424 US 920, 96 S.Ct. 1127.  Also see <u>United States v. Scharf</u>, 167 F.Supp. 19 (S.D.N.Y. 1967), and <u>United States v. Morrison</u>, 403 FRD 516 (N.D. Ill. 1967) (Non-verbatim as well as verbatim); <u>Will v. United States</u>, 389 US 90, 99 (1967) (regarding discovery of names and persons present when statements were made).

The word "statement" used in this Rule is not limited to recitals of past occurrences and included recordings of the commission of a crime.  Thus, "statement" includes pre-arrest as well as post-arrest statements, whether written, oral or recorded.  <u>United States v. Crisona</u>, 416 F.2d 107, 114-115 (2nd Cir. 1969), <u>cert. Denied</u>. 397 Us 961, 90 S.Ct. 991; <u>United States v. Isa</u>, 413 F.2d 244 (7th Cir. 1969).  A defendant is entitled to inspect and copy all of his own statements made before trial regardless of to whom they were made or how they were obtained by the government.  <u>United States v. Ahmad</u>, 53 FRD 186 (D.C. Pa. 1971).

The Second and District of Columbia Circuits have ruled affirmatively that pre-arrest statements of the defendant are discoverable.  <u>United States v. Bryant</u>, 439 F.2d 642, 649 (D.C. Cir. 1971).  In a well-considered opinion, the Second Circuit stated the following:

". . . the language of amended Rule 16 (a) is unqualified in
contrast to the limited definition of "statement" in section 3500,
. . the Notes of the Advisory Committee indicate that the amended
Rule was intended to apply even to pre-arrest statements made by
a defendant during the course of his crime an was meant to broaden
materially the scope of discovery available to a defendant. . . .such

1
2
3
4
5
6
7
8

a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and . . . guilty pleas will thereby be encouraged.  This broad interpretation of a "statement" in Rule 16(a) is supported by the recent recommendation of the ABA project of Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 62 (1969) that a defendant receive before trial all fo his statements "regardless of to whom made . . . whether a prosecuting attorney, an investigator, a grand jury . . ., or anyone else.  It is also intended that statements be discoverable regardless of how they were obtained, whether, surreptitiously or voluntary."  We agree with these conclusions and see nothing the plain language of Rule 16 (a) or in the Notes of the Advisory Committee accompanying it which would justify imposing the limitation suggested by the Government.  <u>United States v. Crisona</u>, supra, at 114-115."

9
10
11

The ABA standards for criminal justice, Discovery and Procedure Before Trial, 2.1(a)(ii) and (iii), require production of any written or recorded statement, including grand jury testimony, and the substance of any oral statement made by the accused.

12
13
14

The argument and cases favoring discovery of a government agent's summary of defendant's statements have equal force when applied to summaries made by other persons. <u>United States v. Baker</u>, 262 F.Supp. 657, 671-672 (D.C. Cir. 1967)

15
16
17
18
19

It is not without significance that had a third party electronically recorded a defendant's statement, such a recording would be discoverable.  <u>United States v. Black</u>, 232 F.Supp. (D.C. 1968); <u>United States v. Lubowski</u>, 277 F.Supp. 713, 719-722 (D.C. Ill. 1967); <u>United States v. Iovinelli</u>, 276 F. Supp. 629-631 (D.C. 1966).   It is simply illogical to hold that a recorded statement is not.

20
21
22
23
24
25
26

It is respectfully submitted that third party summaries of defendant's statements are discoverable under Rule 16 (a) of the Federal Rules of Criminal Procedure in the same manner as any other statements of the defendant.  If the government claims a privilege as to the identity of the third party who summarized the defendant's statement, the identity can be withheld if the Court so directs.  Furthermore, the defendant is willing to submit to an appropriate protective order pursuant to Rule 16(d)(1), if the Court deems such an order necessary.

27
28

Based on the foregoing authorities, it is respectfully submitted that this Court rule that

1  any and all of the defendant's statements, no matter when or to whom made, that touch upon

2  the defendant's alleged crime in any manner, are discoverable under Rule 16(a) of the

3  Federal Rules of Criminal Procedure.

4        2.    <u>Defendant's Prior Record</u>

5        Rule 16 (a)(1)(B), Federal Rules of Criminal Procedure, require the government to

6  permit the defendant to inspect and/or copy books, papers, documents, photographs, tangible

7  objects, buildings and places, including such items that were obtained from or belong to the

8  defendant.  See also <u>Brady v. Maryland</u>, 373 US 83 (1966) and Rule 41 (d).

9        Defendant believes that the government intends to introduce into evidence various

10  documents pertaining to narcotic drugs, telephone records, bank records, financial records,

11  and other tangible objects which are material to the preparation of defendant's defense, and

12  it would not be burdensome to the government to permit defendant or defendant's experts

13  to inspect the above-mentioned objects and to inspect and copy any documents or papers

14  relating thereto.  An order permitting inspection of such items is proper.

15        3.    <u>Physical and Documentary Evidence Not to be offered at Trial</u>.

16        Rule 16(a)(1) (C),Federal Rules of Criminal Procedure; Brady v. Maryland, 373 US

17  83 (1966).

18        4.    <u>Physical and Mental Examinations, Laboratory and Scientific Tests and</u>

19  <u>Experiments</u>

20        Rule 16 (a)(a)(D), Federal Rules of Criminal Procedure requires the government to

21  permit the defendant to inspect and copy any results or reports of physical or mental

22  examinations and scientific tests or experiments which are in the possession, custody, or

23  control of the government the existence of which is known, or by the exercise of due

24  diligence may become known, to the attorney for the government.

25        Physical and mental examinations of government witnesses which may be relevant

26  to the competence or credibility of such witnesses should be discoverable under this section,

27  as well as <u>Brady v. Maryland</u>, 373 US 83 (1966); United States v. Partin, 493 F.2d 750 (5th

28  Cir. 1974); <u>United States v. McFarland</u>, 372 F.2d 701 (2nd Cir. 1966); <u>Weinstein's Evidence</u>,

1  Sections 601(04), 607(04) (1977).

2        5.      Reports and Names of Expert Witnesses

3        Rule 16 (a)(1)(D), Federal Rules of Criminal Procedure.

4        6.      Description of Search.

5        The Court has inherent power to compel such discovery.  United States v. Nolte, (39

6  N.D. Cal. 1965); Inherent Power of the Federal Court to Order Pretrial Discovery in Criminal

7  Cases, 7 USF Law Review 233 (Fed. 1973).  Furthermore, such information is necessary to

8  determine if plaintiff violated any of the provisions of Rule 41 of the Federal Rules of

9  Criminal Procedure, or Title 18 USC Section 3109, and to determine whether there is a basis

10  for a motion to suppress or a motion for return of property.  Description of circumstances in

11  comparable situations has been ordered produced.  United States v. Brighton Building and

12  Maintenance Co., 435 F. Supp. 222 (N.D. Ill. 1977).

13        7.      Statements of Co-Participants.

14        Inculpatory statements with reference to defendant, made by co-defendants who are

15  potentially unavailable to testify, must be made known prior to trial to allow defendant to

16  exercise his right under Bruton v. United States, 391 US 123 (1968), to move for severance.

17  Furthermore, since inculpatory statements made by alleged co-conspirators are an exception

18  to the hearsay rule and are binding on defendant as if they were his own, all such statements

19  should be deemed discoverable under Rule 16 (a) (1)(A), Rule 16 (a)(1)(C); United States v.

20  Angello, 367 F.Supp. 444 (E.D. N.Y. 1973);  United States v. Brighton Building and

21  Maintenance Co., supra.  Certainly statements of co-conspirators who will not be government

22  witnesses should be produced prior to trial, since such production poses no possible conflict

23  with the constraints imposed by the Jencks Act.  Title 18 USC Section 3500.  United States

24  v. Fine, 413 F.Supp. 740 (W.D. Wisc. 1976); United States v. Bloom, 78 FRD 591 (E.D. Pa.

25  1977).  Statements by co-defendants or alleged co-conspirators that are exculpatory should

26  be treated as discoverable in the same way as any other exculpatory should be treated as

27  discoverable in the same way as any other exculpatory material would be treated under Brady

28  v. Maryland, supra; United States v. Bloom, supra, at 618.

1   The ABA standards for Criminal Justice, Discovery and Procedure Before Trial,

2   Section 2.a(a)(ii), require production of written or recorded statements and the substance of

3   any oral statement made by a co-defendant if the trial is to be a joint one.

4       8.      <u>Names and Addresses of Witnesses</u>.

5       Rule 16 neither authorizes nor bars this discovery.  Unless the government can make

6   a showing of possible physical danger or tampering with such witnesses, fair play would

7   suggest revelation of names and addresses.  The Jencks Act restricts the disclosure of witness

8   statements, not their identity and present location.

9       In order to be assured the degree of fairness which is contemplated by the due process

10  clause, the defendant should be apprized of the identity of his accusers in advance of the trial.

11  Further, his right of confrontation secured by the Sixth Amendment is diminished if the

12  defense counsel does not have the opportunity to investigate witnesses prior to the trial.

13      The inherent power to order discovery as indicated in the survey conducted in <u>United

14  States v. Price</u>, 488 F.Supp. 503 (D.C. Coo. 1978) has been interpreted in virtually every

15  circuit to vest in the district courts, the authority to compel pretrial disclosure of the identity

16  of government witnesses.  See <u>United States v. Richter</u>, 488 F.2d 170 (9th Cir. 1973).

17      The ABA Standards for Criminal Justice, Discovery and Procedure Before Trial,

18  Section 2.1(A)(I), require production of the names and addresses of persons who the

19  government intends to call as witnesses at the trial or hearing.  Accordingly, the Court should

20  exercise its discretion and grant discovery of the names of witnesses the government intends

21  to call at trial.

22      9.      <u>Names and Addresses of Witnesses Whom the Plaintiff Does Not Intend to

23  Call.</u>

24      There are substantial reasons for allowing discovery of witnesses' names and

25  addresses who plaintiff does not intend to call at trial.  Certain prospective government

26  witnesses are not called to testify either (1) because they have little or no information bearing

27  on the alleged crime, or (2) because they have only information favorable to the defendant.

28  In the case of (1), there is no reason for not allowing discovery; the risk of threats of

intimidation to the witnesses simply does not exist.  In the case of (2), discovery is vital and

required by Brady v. Maryland, 373 US 83 (1966).

> "Witnesses, particularly eye witnesses to a crime are the
> property of neither the prosecution nor the defense.  Both s
> ides have an equal right and should have an equal opportunity
> to interview them."  Gregory v. United States, 369 F.2d 185,
> 188 (D.C. Cir. 1966).  See also United States v. Mendez-Rodriguez,
> 450 F.2d 1 (9th Cir. 1971).

> "Names, addresses and statements of persons with knowledge
> of the case who are presently considered non-witnesses . . . would
> appear discoverable as tangible property subject to a showing of
> materiality.  Rule 16 (a)(1)(C)."United States v. Kearney, 436 F.Supp.
> 1108, 1112 (S.D.N.Y. 1977).  United States v. Mendez, supra,
> states that the government cannot secret material witnesses from
> the defendant, e.g., the Sixth Amendment requires that the
> defendant "have compulsory process for obtaining witnesses in his favor."

United States v. Mendez-Rodriguez, supra, at page 4.  If plaintiff has no intention of

calling certain witnesses, yet refuses to inform the defendant of the identity of such

witnesses, it denies him his Sixth Amendment right to compulsory process.  The court must

not permit this violation of defendant's rights.

The defendant should have an opportunity to learn the identity of persons who may

be able to testify in his behalf.  See Mendez-Rodriguez, supra, 450 F.2d at 4-5.

10.    Witness Statements.

This request collides with the Jencks Act.  The Jencks Act is unconstitutional in at

least three respects.  First, it effectively denies the accused his Sixth Amendment rights to

confront and cross-examine the witnesses against him.  Second, it denies an accused the

opportunity to compel testimony in his own behalf.  Finally, the Act denies an accused equal

protection of the law as implicitly guaranteed by the Fifth Amendment.

Considering the right of confrontation, Bruton v. United States, 391 US 123 (1968);

Barver v. Paga, 390 US 719 (1968), provides ample evidence of the increasing importance

of his Sixth Amendment guarantee.  Not only must the opportunity to cross-examine be

afforded, it must be effective.  See Smith v. Illinois, 390 US 129 (1968).  Effective cross-

examination is impossible unless the examiner is appraised, in advance, of what the witness

1    will say.  The effect of the Jencks Act is to perpetrate the outmoded concept of trial by

2    ambush and to reduce the criminal law to the status of a shabby game where the premium is

3    on concealment and surprise when it should be on disclosure and candid, open discovery.

4    It denies the accused his right to due process of law and a fair trial.  Furthermore, the Jencks

5    Act is in absolute conflict with the broad discovery policies set forth in the Federal Rules of

6    Criminal Procedure and denies an entire class of federal court litigants substantial

7    constitutional rights and privileges, including equal protection of the law, as well as the

8    above-mentioned constitutional rights.

9        The ABA Standards for Criminal Justice, Discovery and Procedure Before Trial,

10   Section 2.1(a)(I) and (iii), require production of witness' statements, including grand jury

11   testimony.

12       As a compromise, defendant respectfully requests that he be furnished with said

13   statements at least fifteen (15) working days prior to trial in order to expedite the examination

14   of witnesses and to avoid the necessity of a mid-trial recess to review and/or investigate the

15   contents, accuracy and reliability of witness statements.  Ogden v. United States, 303 F.2d

16   724 (9th Cir. 1962).

17       11.    Discovery Rap Sheets.

18       "(D)isclosure of a government witness' criminal record is proper . . .the prosecution

19   normally has access to the criminal record of witnesses while the defendant often lacks

20   means of procuring this information on his own.  Furthermore, since the Brady Doctrine

21   requires the government to disclose all evidence favorable to the defendant, including

22   impeachment evidence, disclosure of the criminal records may be constitutionally required"

23   United States v. Let, 60 FRD 127, 131 (M.D. Pa 1973).

24       See also United States v. Seijo, 514 F.2d 1357 (2nd Cir. 1975); Giglio v. United States,

25   405 US 150 (1972); United States v. Butler, 567 F.2d 885 (9th Cir. 1978) United States v.

26   Brighton Building and Maintenance Co., 435 F.Supp. 222, 233 (N.D. Ill. 1977).  Defense

27   counsel must have access to this information far enough in advance of trial so that he can

28   obtain the necessary certified court documents necessary for impeachment.

12.    <u>Grand Jury Witness Names</u>.

Favorable statements by non-witnesses or by prospective witnesses made before the grand jury should be available for pretrial discovery on a showing of particularized need. <u>United States v. Eisenberg</u>, 469 F.2d 156 (8th Cir. 1972); <u>Dennis v. United States</u>, 384 US 871 (1966). Even with respect to what appears to be purely Jencks Act grand jury material, there is a precedent for ordering pretrial discovery on a sufficient showing of need. <u>United States v. Achtenbert</u>, 459 F.2d 91 (8th Cir. 1972); <u>State of Wisconsin v. Schafer</u>, 565 F.2d 91 (7th Cir. 1977).

The ABA Standards of Criminal Justice, Discovery and Procedure Before Trial, Section 2.1(a)(iii), require production of grand jury testimony of persons whom the government intends to call as witnesses at trial.

13.    <u>Transcriptions of Grand Jury Testimony</u>.

See numbers 1, 11 and 13 above. See also <u>United States v. Poe</u>, 398 F.Supp. 487, 489 (W.D. Okla. 1975), where the trial court apparently issued a pretrial discovery order requiring production.

The ABA Standards of Criminal Justice, Discovery and Procedure Before Trial, Section 2.1(a)(iii), require production of grand jury testimony of persons whom the government intends to call as witnesses at trial.

14.    <u>Information Favorable to the Defendant</u>.

In the leading case of <u>Brady v. Maryland</u>, <u>supra</u>, at 1194 the Supreme Court held that:

" . . . the suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith in the prosecutor."

<u>Brady</u>, <u>supra</u>, and its progeny require the production of information helpful to the defendant at the appropriate time requested. <u>United States v. Warwar</u>, 57 FRD 645 (N.D. Ga. 1972). Exculpatory information having a material bearing on defense preparation should be revealed well before the commencement of the trial. <u>Grant v. Alldredge</u>, 498 F.2d 376 (2nd Cir. 1974); <u>United States v. Anderson</u>, 481 F.2d 685 (4th Cir. 1973); <u>United States v. Dillard</u>,

419 F.Supp. 1000 (N.D. Ill. 1976).  Brady is that the suppression by the prosecution of certain kinds of evidence violates due process of law.  (Incomplete sentence) The Basic support of Brady is that there is an obligation on the part of the prosecutor to produce certain evidence actually or constructively in its possession or accessible to it in the interest of inherent fairness.

The Supreme Court has reversed convictions where the prosecution has failed to provide the defense with certain information critical to the credibility of a witness where the credibility issue pertained to a key government witness.  Napue v. Illinois, 360 US 264, 79 S.Ct. 1173 (1959); Giglio, supra; United States v. McFarland, supra; Powell v. Wiman, 287 F.2d 275 (5th Cir. 1961).

Discovery of criminal records of government witnesses is also Brady material because it has a direct bearing on the credibility of government witnesses.

Discovery of promises made and/or valuable consideration paid to government witnesses or informers is also Brady material because it has a direct bearing on the bias and prejudice of the witness.

This is not an exhaustive list of material which the government is required to produce under Brady and related cases, and defendant requests the Court order production of all information and documents favorable to the defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

Discovery of this information should be granted where the individual's right to prepare a defense outweighs the public interest in protecting the flow of information. Consideration should be given to the particular facts of each case, with special attention to the crime charged and the possible defense.  United States v. Alvarez, 472 F.2d 111, 113 (9th Cir. 1973); cert. Denied, 412 US 921.

     15.   Identity of Government Agents, Employees or Informants.

United States v. Fassler, 46 FRD 43 (S.D.N.Y. 1968) (Allowing defendant to know whether persons involved in the alleged offense were acting on behalf of the government);

1   Rovario v. United States, 353 US 53, 60 (1967) (Requiring disclosure of an informant if such

2   disclosure could be relevant or helpful to the defense.)

3         16.   Payoffs to Informants.

4         Evidence of promises made and/or valuable consideration paid to government

5   informants in connection with this case in exchange for testimony and/or involvement with

6   this case is clearly discoverable under Brady v. Maryland, 373 US 83 (1963), and Giglio v.

7   United States, 405 US 150 (1972).  See also United States v. Butler, 567 F.2d 885 (9th Cir.

8   1978).  The pretrial stage is an appropriate time for relegation of details of any negotiated

9   pleas, promises of favorable treatment , or other "deals" made by the prosecution or other

10  government agents.  United States v. Bloom, 78 FRD 591 (E.D. Pa. 1977).  Such information

11  is relevant to the issue of the witness' credibility in that it reflects upon his bias and

12  prejudice.  It is reversible error for the government not to reveal that a government witness

13  is testifying pursuant to mutual promises between the witness is testifying pursuant to mutual

14  promises between the witness and the government or that he was testifying as part of a plea

15  bargain.  United States v. Harris, 462 F.2d 33 (10th Cir. 1972).  In order to comprehend the

16  nature and extent of the consideration given in exchange for testimony, the defense must

17  have access to all police reports pertaining to cases the authorities are not prosecuting in

18  exchange for a witness' testimony.

19        17.   Previous Undercover Operations.

20        See 16 and 17 above.

21        18.   Information Provided on Previous Cases.

22        See 16 and 17 above.

23        19.   Prior Similar Acts.

24        The defendant must have sufficient time to investigate and refute so-called "prior

25  similar acts."  Since such acts may be called from any time in the defendant's past, it

26  becomes especially important for pretrial discovery to be granted.  In many cases proper

27  representation demands a pretrial motion in limine barring proof of prior similar acts.  It is

28  automatic that such a motion necessitates early disclose by the government.

1      20.    <u>Identification Procedures</u>.

2      This request is derived from the rationale of <u>Wade v. United States</u>, 388 US 218

3   (1967) and its progeny.  As to photographic identification, the request based upon <u>Simmons</u>

4   <u>v. United States</u>, 390 US 377 (1968), which held that such pretrial identification may be so

5   impermissibly suggestive as to render inadmissible testimony by the witness involved.

6      The same reasoning should apply by analogy to audio identification as well as

7   photograph identification.

8      In <u>United States v. Allison</u>, 414 F.2d 407 (9th Cir. 1960), the Court made clear that this

9   issue must be raised prior to trial.  It may be so raised only if the requested information is

10  produced for the defendant's consideration.

11     21.    <u>Jencks Act Statements</u>.

12     The court cannot compel the government to disclose Jencks Act statements prior to

13  the time when it is statutorily required to do so; nevertheless, early disclosure should be

14  encouraged.   <u>United States v. Spagnuolo</u>, 515 F.2d 818 (9th Cir. 1975).   Where the

15  government agrees to accelerate its release of Jencks Act material, it is in the best interest of

16  judicial economy to order the government to turn over associated materials, e.g., criminal

17  records, at the same time.  <u>United States v. Bloom</u>, 78 FRD 591 (E.D. Pa. 1977).

18     22.    <u>Copies of Pesonnel Files</u>.

19     <u>Pitches v. Superior Court</u>, (1974) 11 Cal.3d 531, 113 Cal.Rptr. 897 (Government

20  agent was disciplined regarding an issue crucial to the defense).  <u>United States v. Garrett</u>, 542

21  F.2d 23, 27 (6th Cir, 1976), (Defendant entitled to personnel file of police officer who sold

22  defendant drugs and was later suspended for suspected drug usage.)   <u>United States v.</u>

23  <u>Deutsch</u>, 475 F.2d 55, 57-58 (5th Cir. 1973), (Bribery of postal employee).  See also <u>United</u>

24  <u>States v. Austin</u>, 492 F.Supp.502, 505-506 (N.D. Ill. 1980).

25     23.    <u>Criminal Records of Government Witnesses</u>.

26     Criminal records of government witnesses should be discoverable.  <u>United States v.</u>

27  <u>Strifer</u>, 851 F.2d 1197 (9th Cir. 1988); <u>United States of America v. Alvarez-Lopez</u>, 559 F.2d

28  1155, 1157 (9th Cir. 1977; <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976, <u>cert.</u>

1  Denied, 429 US 1074 (1977).

2          24.    Identity and Location of Informants.

3          The defense is entitled to the informant's identity if the informant was a percipient

4  witness to or participated in the transaction.  United States v. Ordonez, 737 F.2d 793, 808 (9th

5  Cir. 1971); Lopez-Hernandez v. United States, 394 F.2d 820-821 (9th Cir. 1968).

6          25.    Promised Immunities or Promises of Consideration and Prior Records of

7  Informants.

8          United States v. Auten, 632 F.2d 478 (5th Cir. 1980); United States v. Alvarez-Lopez,

9  559 F.2d 1155 (9th Cir. 1977). Giglio v. United States, 405 Us 150 (1972); United States v.

10 Mayer, 556 F.2d 245 (5th Cir. 1975), evidence of psychiatric treatment; United States v.

11 Lindstrom, 698 F.2d 1154 (11th Cir. 1983); United States v. Partin, 493 F.2d 750, 762-764

12 (9th Cir. 1974); and evidence of informant's narcotic habit.  United States v. Fowler, 465 F.2d

13 664 (D.C. Cir. 1972).

14         26.    Prior Arrests of a Similar Kind.

15         Under the Fourteenth Amendment of the Constitution of the United States of America,

16 a defendant is entitled to the records of prior arrests in similar situations by the arresting

17 officers during the last five years as his right of due process.

18 Dated: August 27, 2008              Respectfully Submitted,

20                                     /s/ Nicholas F. Reyes
                                       NICHOLAS F. REYES, ESQ.
21                                     Attorney for Defendant
                                       JOSE A. CAMACHO-MENDEZ

- 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28