**NICHOLAS F. REYES, #102114**
LAW OFFICES OF NICHOLAS F. REYES
1107 "R" Street
Fresno, California 93721
Telephone: (559) 486-4500
Facsimile: (559) 486-4533

Attorney for Defendant
**JOSE A. CAMACHO-MENDEZ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> JOSE A. CAMACHO-MENDEZ ) </br> ) </br> Defendant. ) </br> ) </br> ) </br> _____) | **CASE NO. 3:07-CR-00645-MMC** </br> </br> **NOTICE OF MOTION, MOTION, AND POINTS AND AUTHORITIES FOR ANY RULE 404 (b) EVIDENCE REGARDING PRIOR OR SUBSEQUENT BAD ACTS** </br> </br> **DATE:** October 22, 2008 </br> **TIME:** 10:00a.m.</br> **DEPT:** 4 </br> **Honorable Maxine M. Chesney** |

**TO: JOSEPH P. RUSSONIELLO, UNITED STATES ATTORNEY AND TO BARBARA BRENNAN SILANO AND KIRSTIN M. AULT, ASSISTANT U.S. ATTORNEYS:**

**PLEASE TAKE NOTICE** that on October 22, 2008, at the hour of 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, defendant JOSE A. CAMACHO-MENDEZ, by and through his counsel, NICHOLAS F. REYES, will and hereby does move the court for an order requiring the government to disclose whether it intends to introduce any evidence in its case in chief against defendant regarding prior or subsequent misconduct, prior or subsequent "bad acts", or prior or subsequent criminal conduct which is not charged on the face of the above-captioned matter.

1    Further, if the government discloses that it does intend to introduce any evidence
2 of prior or subsequent misconduct, crimes, or "bad acts", defendant requests that the
3 government be ordered to disclose the following:
4    1.    Any and all factual details known to the government, as well as those it will
5 see to introduce, as to such misconduct, crime, or "bad act";
6    2.    Whether the evidence will be introduced by means of a documentary
7 exhibit, and if so, the identity of the exhibit and its availability for inspection and
8 copying.
9    3.    The name of any witness who will give testimony about the misconduct,
10 crime, or "bad act" and/or lay the foundation for the entry of any exhibits as to each such
11 witness, a summary of his or her intended testimony;
12    4.    Whether each such misconduct, crime, or "bad act" is presently the subject
13 of a pending charge or ongoing criminal investigation; and if so, whether the government
14 intends to elicit this circumstance from any witness or through any exhibit; and
15    5.    The element of the crime for which each such misconduct, crime or "bad
16 act" is offered as proof, i.e., "motive, opportunity, intent, preparation, plan, knowledge,
17 identity, or absence of mistake or accidents."  Rule 404 (b) Federal Rules of Evidence.
18
19                        **MEMORANDUM OF POINTS AND AUTHORITIES**
20    There is always a risk that a jury may improperly assume, after hearing "other
21 crimes" evidence, that "having once fallen into sin, a second slip is likely."  **United**
22 **States v. James**, 55 F.2d 992, 999 (D.C. Cir. 1977).  This inference violates the
23 expressed limitation of Rule 404 (b): "Evidence of other crimes, wrongs, or acts is not
24 admissible to prove the character of a person in order to show that he acted in conformity
25 therewith."
26    If the government intends to introduce other crimes evidence, the court must
27 undertake the complex analysis of admissibility.  The government is entitled to no
28 presumption that "other crimes" evidence is admissible.  **United States v.  DeVaughn**,

1   601 F.2d 42 (2d Cir. 1979).  The prosecution has the burden to establish the basis for the
2   introduction of such evidence.  As the court observed in **United States v. Mehrmanesh**,
3   689 F.2d 822 (9th Cir. 1982), the government "must carry the burden of showing how the
4   proffered evidence is relevant to one or more issues in the case; specifically, it must
5   articulate precisely the evidential hypothesis by which a fact of consequence may be
6   inferred from the other acts evidence." at p. 830, citing 2J. Weinstein and M. Berger,
7   **Weinstein's Evidence**, 404 [08] at 404-49 (1981).

8   It has been stated that "[w]henever possible, the court should indicate before trial
9   how it expects to exercise its discretion [regarding the admissibility of other crimes
10  evidence] so that counsel can realistically plan an effective defense." **Weinstein's**
11  **Evidence**, 404 [19] at 404-117.  In order to do this, the court has authority to require a
12  pretrial revelation of intention to use other crimes evidence.  Indeed, some courts have
13  held that fundamental fairness requires the defendant to have notice, pursuant to Rule 12
14  (d), Federal Rules of Criminal Procedure, of the government's intention to use other
15  crimes evidence. **United States v. Cobb**, 588 F.2d 607, 610 n.2 (8th Cir. 1978); **United**
16  **States v. Foskey**, 636 F.2d 517, 526, n.8 (D.C. Cir. 1980); **United States v. Jackson**,
17  521 F.2d 217 (5th Cir. 1980); **United States v. Solomon**, 490 F.Supp.373 (S.D. Ga.
18  1980); Cf. **United States v. Pavon**, 561 F.2d 799, 803 (9th Cir. 1977).

19  Defendant's motion seeks notice and disclosure so that we may inform the court of
20  matters which will assist it in determining the admissibility question.  Through this
21  motion, defendant seeks to avoid surprise at trial or a need to postpone the trial and to
22  prepare meaningfully for the potential tendering of such evidence so the evidentiary
23  ruling may be made in a fair and informed manner. **United States v. Baum**, 482 F.2d
24  1325, 1331 (2d Cir. 1973).

25  Defendant is aware of the court's general order issued September 9, 1986, which
26  provides for disclosure of notice of intent to use 404 (b) evidence seven day prior to the
27  jury trial confirmation, but wishes the court in its discretion to order an earlier disclosure.
28

1  The reason for this request is that the discovery material provided in this case reflects that
2  a "confidential informant" may have knowledge of alleged bad acts engaged in by
3  defendant.  In the event the government intends to call said witness to establish any "bad
4  act" conduct of defendant, the defense will need time to locate and interview said witness
5  and others who may personally know said witness in advance of trial.

7  Dated: August 27, 2008                    /s/ Nicholas F. Reyes
                                             NICHOLAS F. REYES, ESQ.
8                                            Attorney for Defendant
                                             **JOSE A. CAMACHO-MENDEZ**